## Greco *v.* Lizza, Appellant.

126

Argued October 14, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harry A. Mackey,* for appellant.

*Edward L. Frater,* for appellee.

PER CURIAM, December 11, 1936:

Charles Lizza owned a barber shop located at No. 2 North 51st Street, (the northwest corner of North 51st and Market Streets), Philadelphia. On June 17, 1935 he sold the shop to John Greco under a written agreement which provided, inter alia, that the seller would not engage in the barber shop business, during a period of five years from that date, within five blocks in any direction from the said premises. On October 1, 1935 Lizza engaged in the barber shop business at No. 235 South 51st Street (the northeast corner of South 51st and Locust Streets), Philadelphia.

Greco filed a bill in equity to restrain Lizza from continuing to operate the barber shop at 235 South 51st Street in violation of his agreement.

The case was so proceeded with that on November 27, 1935 a decree granting a permanent injunction was entered. The defendant had previously admitted in court that his shop was within the five-block prohibited area and had agreed that he would move to another place outside the five-block radius before that date.

Subsequently a rule was entered on the defendant to show cause why he should not be adjudged guilty of contempt of court for failing to comply with the injunction. This was made absolute on December 11, 1935, and a fine of $50 imposed.

On December 12, 1935, defendant's counsel obtained a rule to show cause why the defendant should not be relieved from the finding of contempt, the fine remitted, the injunction dissolved and the parties restored to the status quo. On the hearing of this rule, on December 30, 1935, an assistant engineer in the City Bureau of Engineering testified that as interpreted by that bureau a block was the distance between two streets legally and physically opened; that between No. 2 North 51st Street (northwest corner of North 51st and Market) and 235 South 51st Street (northeast corner of South 51st and Locust) there were on the west side of 51st Street the following streets: Market, Ludlow, Ranstead, Chestnut, Sansom, Walnut and Chancellor; on the east side: Market, Ludlow, Chestnut, Sansom, Walnut and Chancellor. Some of these 'streets'—e. g. Ludlow, Ranstead and Chancellor—are only alleys; others—Sansom and Locust—divide a full 'block' and the space between them and the next street is only half a 'block' as understood in common parlance. At the hearings leading up to the entry of the decree granting the injunction, the defendant and his attorney

apparently understood and used the term as meaning a full or entire city block.

The court, with a full knowledge of the circumstances and the streets in question, refused to dissolve the injunction previously granted but remitted the fine imposed, upon it being shown that the premises No. 235 South 51st Street had been rented to a third party by the owner of the building; stating, however, that should it appear that this rental was a mere subterfuge and attempt to evade the fulfillment of the terms of the agreement, it should be called to the court's attention. The defendant appealed. It must be remembered that the assistant engineer's testimony was given only at the hearing on the rule to discharge the defendant of the contempt; not on the hearing of the case.

In arriving at the above conclusion the learned President Judge of the court below refused to follow the technical definition of the word 'block' as used by the Bureau of Engineering and adopted instead the common and ordinary acceptation of the term as used by the parties, as shown by their actions in Court, saying: "In support of this rule, defendant offered testimony of an assistant engineer of the Bureau of Engineering and Surveys and Zoning of the City of Philadelphia, whereby the defendant attempted to prove that the word 'block' as used in the Bureau of Engineering and Surveys of the City of Philadelphia, meant the distance between two streets legally and physically open, the purpose evidently being to direct the mind of the Court to the conclusion that no matter how many small streets intervened between two main thoroughfares, the distance between any two streets would be considered a city block. This testimony is not worthy of consideration as a convincing statement of fact. In construing a written contract, the words employed will be given their ordinary and popularly accepted meaning, in the absence of anything to show that they were used in a different sense."

In view of the defendant's conduct and the admissions of his counsel on the hearings leading up to the entry of the decree of November 27, 1935, (See 5a, 6a and 7a) we are of opinion that the court below committed no reversible error in its disposition of the case. See *Bubb v. Parker & Edwards Oil Co.*, 252 Pa. 26, 29, 97 A. 114; *Gillespie v. Iseman*, 210 Pa. 1, 5, 59 A. 266; *Fisher v. Ronemus*, 267 Pa. 325, 330, 110 A. 87.

The decree is affirmed at the costs of the appellant.